UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SALLY J. WANAMAKER, | : |
|    Plaintiff, | : |
|      vs. | :    No. 3:11cv1791(MPS)(WIG) |
| TOWN OF WESTPORT BOARD OF EDUCATION, | : |
| | : |
|    Defendant. | |

-------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION TO STRIKE [Doc. # 82] AND
DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL REPLY [Doc. # 83]

     Without first obtaining leave of Court, on July 15, 2013, Defendant filed a Supplemental Reply Memorandum in further support of its Motion for Summary Judgment [Doc. # 81]. As Plaintiff correctly points out in its Motion to Strike, neither the Local Rules of this Court nor the Federal Rules of Civil Procedure allow a party to unilaterally file a supplemental reply without first obtaining leave of Court. Thus, this document [Doc. # 81] will be stricken.

     Apparently realizing the error of its ways, Defendant then filed a Motion for Leave to File a Supplemental Reply [Doc. # 83], attaching the very same eight-page supplemental brief and 20 pages of exhibits that had previously been filed. As before, Defendant has attached the entire transcript of a January 29, 2013, hearing before Judge Shea, relating to discovery issues and a spoilation of evidence issue that has minimal, if any, relevance to the pending summary judgment motion. The only possible relevance to the summary judgment motion is found on page 16 of Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment, in which she states, "Though Bayers testified that he and Landon communicated by email frequently,

1

Landon's response to this memorandum has not been produced, and it [sic] has admitted to destroying a computer he used some time in 2010."[1] Defendant responded to this statement at length in its Reply Brief (Def.'s Reply at 18-19), attaching supplemental exhibits addressing this matter. There is absolutely no reason for further briefing on this issue.

The other matter raised by Defendant's Supplemental Reply Brief is the United States Supreme Court's decision dated June 24, 2013, in *University of Texas Southwestern Medical Center v. Nassar*, — U.S. —, 133 S. Ct. 2517, 2013 WL 3155234 (June 24, 2013), which addressed the standard to be applied in a Title VII retaliation case. Defendant maintains that the "but-for" causation standard for retaliation claims under Title VII should also be applied to FMLA claims.

The preferred procedure for bringing supplemental authority to the Court's attention is through a motion for leave to file supplemental authority. However, the Court will not require Defendant to refile its motion. Instead, Defendant will be granted leave to file that portion of its supplemental brief relating solely to this Supreme Court decision. Plaintiff will then be given ten

---

[1] Defendant had initially responded to an interrogatory that Landon's home computer, one of three computers issued to Landon by the BOE, had been replaced in 2010 and the hard drive should have been scrubbed by the company disposing of the old computer (Pl.'s Ex. 37). Defendant further stated that this computer was used primarily for email and was not used to generate personnel documents (Pl.'s Ex. 37). According to the transcript of the hearing before Judge Shea, which Defendant now seeks to introduce, defense counsel later determined that the computer had not been discarded, Defendant amended its answers to interrogatories, and Plaintiff was offered an opportunity to inspect the computer (Def.'s Ex. ZZ at 17-18). All of this information, however, is set forth at length in the discussion and exhibits to Defendant's Reply Brief. Plaintiff has continued to claim prejudice and the entitlement to a jury instruction on spoilation of evidence. However, that has no bearing on the pending summary judgment motion. As Judge Shea so aptly pointed out, "I don't think this is a discovery motion. I think it's a motion in limine. . . ." (Def.'s Ex. ZZ at 18).

days to respond to this single issue.

Accordingly, the Court GRANTS Plaintiff's Motion to Strike [Doc. # 82] and orders that Document # 81 be stricken from the record.  The Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Leave to File a Supplemental Reply [Doc. # 83].  Defendant may file that portion of its supplemental reply brief limited solely to the applicability of the Supreme Court's decision in the *University of Texas* case.  Plaintiff shall have ten days to file a response limited to this single issue.

SO ORDERED, this   16th   day of July, 2013, at Bridgeport, Connecticut.


        /s/ *William I. Garfinkel*
      WILLIAM I. GARFINKEL
      United States Magistrate Judge