UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
SALLY J. WANAMAKER,              :
     Plaintiff,                  :
         vs.                     :    No. 3:11cv1791(MPS)(WIG)
TOWN OF WESTPORT BOARD OF        :
EDUCATION,
                                 :
     Defendant.
-------------------------------------------------X
```

RULING ON DEFENDANT'S MOTION TO STRIKE

Plaintiff, Sally J. Wanamaker, a former elementary school teacher with the Westport Board of Education ("BOE"), has brought this suit against the BOE for alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a) *et seq.* ("CFEPA"). Pursuant to Rule 56, Fed. R. Civ. P., Defendant moved for summary judgment [Doc. # 63] on all counts of Plaintiff's Amended Complaint on the ground that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. As required by the Local Rules of this District, Defendant filed a Local Rule 56(a)1 Statement, to which Plaintiff responded with a Local Rule 56(a)2 Statement. Defendant has moved to strike [Doc. # 77] a number of Plaintiff's exhibits offered in opposition to the Motion for Summary Judgment, as well as Plaintiff's Local Rule 56(a)2 Statement. For the reasons set forth below, Defendant's Motion to Strike will be denied.

Defendant's motion to strike challenges the admissibility of Plaintiff's Exhibits 3, 8, 10,

1

12, 13, 14, 15, 20, 29, 34, and 36 and portions of Plaintiff's Local Rule 56(a)2 Statement for failure to comply with Local Rule 56(a), D. Conn. L. Civ. R.  Defendant argues that the exhibits are inadmissible hearsay, irrelevant, and do not stand for the propositions cited.  As to Plaintiff's Local Rule 56(a)2 Statement, Defendant maintains that Plaintiff has failed to adequately respond to Defendant's Local Rule 56(a)1 Statement, has impermissibly offered argument in her response, has relied on inadmissible evidence, and has failed to comply with subsections 2 and 3 of Local Rule 56(a), D. Conn. L. Civ. R.  Accordingly, Defendant asserts that these exhibits and portions of Plaintiff's Local Rule 56(a)2 Statement should be stricken.

"The principles governing admissibility of evidence do not change on a motion for summary judgment."  *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997); *see Barlow v. Connecticut*, 319 F. Supp. 2d 250, 257 (D. Conn. 2004), *aff'd*, 148 F. App'x 31 (2d Cir. 2005).  Thus, a court may only consider admissible evidence when ruling on a motion for summary judgment.  *Merry Charters, LLC v. Town of Stonington*, 342 F. Supp. 2d 69, 75 (D. Conn. 2004).  That premise, however, does not translate into a requirement that these matters be stricken.  While there is authority to the contrary, *see, e.g.*, *Newport Electronics, Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 208 (D. Conn. 2001), the better-reasoned and more modern view is that a motion to strike is not an appropriate vehicle for challenging evidence presented in support of, or in opposition to a motion for summary judgment.  In 2010, Rule 56(c)(2) was amended (eff. Dec. 1, 2010), to call for a simple "objection" to summary judgment evidence that cannot be presented in a form that would be admissible at trial.  The drafters of the 2010 amendment stated, "There is no need to make a separate motion to strike." Fed. R. Civ. P. 56(c)(2), 2010 Amendments, advisory committee's note; *see Cummings v. Bradley*, No. 3:11cv751, 2013 WL 1149985 (D.

Conn. Mar. 19, 2013) (holding that Rule 56 does not provide for a motion to strike as a tool in the summary judgment process); *McKinney v. Dzurenda*, No. 3:10cv880, 2013 WL 1296468 (D. Conn. Mar. 27, 2013) (holding that a party should object to inadmissible evidence); *see generally* 11 James Wm. Moore et al*., Moore's Federal Practice* ¶ 56.91[4] (3d ed. 2012).

Moreover, even prior to this amendment, this District Court had repeatedly noted the "unhelpful phenomenon of 'litigants' frequent use of motions to strike portions of the opponent's Local Rule 56(a) Statement and evidence in support,' and ha[d] concluded that neither the text of Rule 56 nor of Rule 12(f) authorizes use of motions to strike for that purpose." *Dragon v. I.C. System, Inc.,* 241 F.R.D. 424, 425 (D. Conn. 2007)(citing *Ricci v. DeStefano*, No. 3:04cv1109, 2006 WL 2666081, at *1 (D. Conn. Sept. 15, 2006)); *see also Martin v. Town of Westport*, 558 F. Supp. 2d 228, 231 (D. Conn. 2008) ("in the context of summary judgment, motions to strike are unnecessary and produce only redundant statements by the court that it has not relied on such inadmissible evidence in deciding the summary judgment motion."); *Ferraresso v. Town of Granby*, 646 F. Supp. 2d 296, 301 (D. Conn. 2009) (same). Rule 12(f) of the Federal Rules of Civil Procedure, governing motions to strike, allows a court to strike pleadings only. *Ricci v. DeStefano*, No. 3:04cv1109, 2006 WL 2666081, at *1 (D. Conn. Sept. 15, 2006). "Therefore it is inappropriate to strike material contained in exhibits to motions." *Id.*

With respect to Defendant's Motion to Strike certain exhibits as inadmissible, as Judge Squatrito remarked in *Carone v. Mascolo*, 573 F. Supp. 2d 575, 580 (D. Conn. 2008), "[t]he parties to an action should have faith that the court knows the difference between admissible and non-admissible evidence, and would not base a summary judgment decision simply upon the self-serving *ipse dixit* of a particular party." (Internal citations and quotation marks omitted). "If

3

a party wishes to argue that an asserted material fact is not supported by the evidence, that party may do so in its summary judgment briefing." *Martin*, 558 F. Supp. 2d at 231.  This reasoning holds particularly true in this case where Defendant's arguments are largely based upon the lack of relevancy of certain exhibits or that the exhibit in question does not support the proposition for which it is cited.  These are arguments that should be made in the reply brief, not in a motion to strike.

With respect to Defendant's Motion to Strike portions of Plaintiff's Local Rule 56(a)2 Statement, subsection 3 of the Local Rule 56(a) states that failure to provide specific citations to evidence in the record, as required by this Local Rule "may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1 or in the Court imposing sanctions." D. Conn. L. Civ. R. 56(a)3.  Thus, to the extent Plaintiff has not complied with the requirements of Local Rule 56(a)2, the proper sanction would be for the Court to deem admitted Defendant's statement, not to strike Plaintiff's response.  *See Ricci,* 2006 WL 2666081, at *2 (holding that a motion to strike is not the appropriate vehicle for contesting statements of fact in an opposing party's Local Rule 56 Statement).  However, the Court finds most of the reasons advance by Defendant for striking Plaintiff's responses to Defendant's Local Rule 56(a)1 Statement to be unavailing.

As for the statements that Defendant contends Plaintiff's failed to admit or deny (Nos. 14, 47, 49, 73, 78, 87, 121-22, 125-54) (Def.'s Mot. Strike ¶ L), a review of Plaintiff's responses reveals that she did admit or deny each of these statements, often with qualification, which was

appropriate.[1] As to Defendant's claim that Plaintiff failed to offer any evidence in support of certain of her denials (Nos. 31-34, 39-40, 42, 44, 49, 56, 72, 84, 88-90, 92-93, 108, 117-19, and 121-54) (Def.'s Mot. Strike ¶ M),[2] it is clear that Plaintiff was either relying on the same exhibits

---

[1] For example, Defendant's Statement No. 14 states:

> Plaintiff never communicated her inclinations to not teach in a classroom to Landon, the Superintendent.

Plaintiff responded:

> 14. Wanamaker objects to statement 14 on the grounds that it is vague, confusing and argumentative. She had no reason to communicate "her inclinations to not teach in a classroom" (sic) to Landon as she was teaching in a classroom her entire tenure with the defendant. . . To the extent that the defendant means to say that she did not communicate her inclination to not work as a classroom teacher, the allegation is denied. Wanamaker never interviewed with Landon for a general classroom teacher position, but rather for a computer teaching position. Ex. 28, p. 2

Another example is provided by Defendant's Statement No. 87.

> 87. Over the summer of 2010, in correspondence between Attorneys Mooney and Bagnell, it became apparent that Plaintiff refused to accept the classroom teacher assignment and would only return if assigned as a computer teacher. Ex. LL, ¶ 37.

As Plaintiff correctly pointed out, it is not clear from this statement to whom "it became apparent." Plaintiff responded,

> 87. Plaintiff objects to the allegation in that it is vague in stating that it "became apparent." Admitted that Wanamaker requested to be reinstated to her computer teacher position as was her right under federal and state law.

[2] Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the local rule 56(a)1 statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual

cited by Defendant, but denied Defendant's characterization of statements contained therein, or that the statement concerned a matter of which Plaintiff did not have knowledge and therefore could neither admit or deny it.³  Defendant also asks the Court to strike the legal arguments

issues. *See* D. Conn. L. Civ. R. 56(a)2 & 56(a)3.

> ³ For example, Defendant's Statement No. 32 provides in part:
>
>> Accordingly, on or about August 4, 2009, Plaintiff forwarded a vague note from Dr. McAllister (dated July 24, 2009) to Bayers, stating the following: . . . . Exh. MM ;; 18; Exh. K.

Plaintiff responded:

> 32. Admitted that Wanamaker forwarded a letter from her physician to Bayers. Denied that the letter was "vague" as to anything other than how much time she might potentially need for a brief medical leave at the beginning of the school year.

Clearly, Plaintiff was relying on the same letter from Dr. McAllister (Def.'s Ex. K) cited by Defendant. While the better practice might have been for Plaintiff to also cite to Exhibit K, the Court finds her response to be sufficient.

In other instances, where Defendant's Statement of Fact concerned matters of which Plaintiff would not have knowledge, there would not be any evidence to which she could cite. For example, Defendant's Statement No. 128, was:

> The BOE is not aware that Ms. Bemis had any disability . . . .

Plaintiff responded:

> 128. Wanamaker has no idea of what the defendant knew, or did not know, regarding Ms. Bemus. Accordingly, she denies this allegation and also denies that it is an allegation of material fact as required by Local Civil Rule 56(a)(1).

The Court is aware that certain decisions from this District have held that it is an improper response for a non-moving party to respond that he or she lacks personal knowledge and can neither admit nor deny the statement. *See Knight v. Hartford Police Dept.*, No. 3:04cv969, 2006 WL 1438649, at *6 (D. Conn. May 22, 2006); *Henton v. City of New London*, No. 3:06cv2035, 2008 WL 2185933, at *5 (D. Conn. May 23, 2008).

6


contained in Plaintiff's responses to Defendant's Local Rule 56(a)1 Statement (Def.'s Mot. Strike ¶ N).[4]  The Court agrees that legal arguments should not be included in a Local Rule 56(a)2 Statement - nor in a Local Rule 56(a)1 Statement - and will disregard them, although they will not be stricken.  To the extent that Plaintiff has relied on inadmissible evidence in denying Defendant's statements (*see* Def.'s Mot. Strike ¶ O), the Court has already stated that it cannot and will not rely on inadmissible evidence.  Lastly, Defendant argues that Plaintiff's responses to certain statements (Nos. 14, 38-39, 41, 47, 49, 60, 71-72, 82, and 103) are non-responsive (Def.'s Mot. Strike ¶ P).  The Court has reviewed the challenged responses and finds that they are responsive.

      Accordingly, the Court denies Defendant's Motion to Strike [Doc. # 77].  In deciding Defendant's summary judgment motion, the Court will rely only on evidence that would be admissible at trial.

      SO ORDERED, this __22nd__ day of July, 2013, at Bridgeport, Connecticut.

                        /s/ *William I. Garfinkel*
                        WILLIAM I. GARFINKEL
                        United States Magistrate Judge

---

[4] Defendant relies in part on the case of *Vieira v. Wal-Mart Stores, Inc.*, No. 00-272-P-H, 2001 WL 394898, at *2 n.2 (D. Conn. Apr. 18, 2001).  While that case appears in Westlaw as from the District of Connecticut, it is, in fact, a decision by U.S. Magistrate Judge David Cohen from the District of Maine, as correctly reflected in Lexis.  *See Vieira v. Wal-Mart Stores, Inc.*, No. 00-272-P-H, 2001 U.S. Dist. LEXIS 23401 (D. Me. Apr. 18, 2001).