UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SALLY J. WANAMAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF WESTPORT BOARD OF EDUCATION,<br><br>    Defendant. | No. 3:11-cv-1791 (MPS) |

## RULING ON MOTION FOR SUMMARY JUDGMENT

After reviewing the record, the Court OVERRULES the Defendant's Objection [Doc. #95] and ADOPTS Magistrate Judge Garfinkel's Recommended Ruling [Doc. #90]. Defendant's Motion for Summary Judgment [Doc. #63] is GRANTED IN PART AND DENIED IN PART, as set forth in Magistrate Judge Garfinkel's Recommended Ruling. The Court adds only the following comments on the collateral estoppel argument in the Defendant's Objection.

Defendant argues that findings by the "Impartial Hearing Panel" that considered whether Plaintiff's contract was properly terminated under Conn. Gen. Stat. Sec. 10-151(d) collaterally estop her from re-litigating certain issues here. While I agree that findings of fact made by the Panel may not be re-litigated in this proceeding, *see Matusick v. Erie County Water Auth.*, 739 F.3d 51 (2d Cir. 2014), none of the findings Defendant cites involved issues identical to those being contested in this lawsuit. For example, Defendant argues that the Panel's finding that the computer technology and classroom teaching assignments are "interchangeable" and that "the essential responsibilities of the positions are the same" (Def.'s Obj. at 18) precludes re-litigation of several issues in this action. Whatever that finding might have meant in the contract-termination proceeding before the Impartial Panel, the Panel took pains to make clear that it did

1

*not* mean that Plaintiff was precluded from litigating whether the two positions were different enough to support any discrimination claims she might assert in court.  (*See, e.g.*, Impartial Panel's Findings of Fact and Recommendation [Doc. #64-36] at para. 29 ("We express no view as to whether [the classroom teacher and computer teacher positions] are interchangeable under state anti-discrimination laws."); para. 46 ("We express no views as to whether state anti-discrimination laws operate as an external limit on [the authority of the Superintendent to assign elementary teachers to the computer teacher assignment or vice versa]; para. 47 ("We express no views as to whether the Connecticut anti-discrimination laws prohibit or otherwise affect the practice of shifting a teacher returning from an unpaid leave of absence occasioned by a complication from pregnancy from technology teacher to classroom teacher."); para. 143-44 ("While we have found that the assignment of classroom teacher and the assignment of technology teacher *are considered interchangeable and comparable by the Westport Schools* and by the collective bargaining agreement with the Westport Education Associations, we express no view as to the state law claims advanced by Ms. Wanamaker in this proceeding.  We express no view as to whether the failure by the Westport administration to remove a teacher from the assignment of technology teacher and replace her with Ms. Wanamaker violated state law." (emphasis added).)

Similarly, the Panel's determination that Plaintiff "abandoned" her position does not foreclose the litigation of any issues in this case.  First, as a matter of labeling, the Panel's conclusion that Plaintiff abandoned her position was not a finding of fact at all but a characterization of Plaintiff's behavior used by the Panel in its "Recommendation" that there was an adequate legal ground to terminate her – specifically, "other due and sufficient cause" – under Conn. Gen. Stat. § 10-151(d)(6).  (*See id.* at 17.)  Second, the underlying finding of fact – that

Plaintiff "did not accept a position of classroom teacher on her return from unpaid leave, and did not report for the classroom teacher assignment" for the 2010-2011 school year, *see id.* – does not preclude Plaintiff from asserting that the refusal by the Defendant to reinstate her to the computer teaching position was an adverse employment action.  I agree with Magistrate Judge Garfinkel's finding that there are disputed issues of fact on the question whether the proposed transfer to the classroom teaching position altered the terms and conditions of Plaintiff's employment in a materially negative way.  (*See* Doc. #90 at 42.)  If Plaintiff ultimately prevails on that issue, then her failure to accept what amounted to a lesser position does not undermine her claims.

The remaining arguments raised in Defendant's Objection are fully addressed by Magistrate Judge Garfinkel's Recommended Ruling, and I adopt the adopt the reasoning therein in rejecting those arguments.

For the reasons set forth above and in Magistrate Judge Garfinkel's Recommended Ruling, I grant in part and deny in part Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           March 27, 2014