UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SALLY J. WANAMAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>TOWN OF WESTPORT BOARD OF EDUCATION,<br><br>  Defendant. | No. 3:11-cv-1791 (MPS) |

## RULING ON MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING LETTERS SENT TO TEACHERS REGARDING THEIR ABSENCES [ECF # 110]

  The Plaintiff, who was a computer technology teacher in a public elementary school in the Town of Westport, has sued the Town's Board of Education alleging violations of the Americans with Disabilities Act and related state laws in connection with her termination. The Defendant has moved to preclude from the upcoming trial any evidence concerning letters sent by its Superintendent of Schools concerning teacher absences. The Defendant argues that such letters are irrelevant to the Plaintiff's claims of disability discrimination and, even if they are relevant, should be excluded under Fed. R. Evid. 404(b) and 403. The Plaintiff argues that the letters are probative of the Superintendent's animus towards those with disabilities and that neither Rule 404(b) nor Rule 403 bars their admission.

  The Court DENIES the motion. Proof of discriminatory intent is often difficult to obtain, and so the law allows plaintiffs in discrimination cases to rely on circumstantial evidence. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255 n.8 (1981) (describing the "factual question of intentional discrimination" as "elusive"); *Lapsley v. Columbia University-College of Physicians and Surgeons*, 999 F. Supp. 506, 514 (S.D.N.Y. 1998) (in adopting

*McDonnell-Douglas* framework, "[t]he Supreme Court was seeking to provide plaintiffs with a flexible means of establishing through circumstantial evidence an employer's discriminatory intent because direct proof is often unavailable.") As judges routinely instruct juries, circumstantial evidence is proof of one fact from which another fact *may* be inferred. *See, e.g., Open Solutions, LLC v. Countryside Federal Credit Union*, 3:11cv01350-MPS, ECF # 205, Court's Jury Instructions at 13 ("That is all there is to circumstantial evidence. On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact. . . . There are times when different inferences may be drawn from the same facts, whether proven by direct or circumstantial evidence. One party may ask you to draw one set of inferences, while the other party asks you to draw another. It is for you, and you alone, to decide which inferences you will draw.").

Although the Defendant correctly points out that the Superintendent's letters concerning teacher absences do not *necessarily* show that he harbored a bias towards the disabled, the letters, together with the Superintendent's September 19, 2008 memo clarifying his intent, provide a permissible basis for an inference that he did and thus they have *some* tendency to make a fact in issue more probable. Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has *any* tendency to make a fact more less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." (emphasis added)). Further, because the letters are offered to show motive or intent, Rule 404(b) does not preclude their admission. Finally, any concerns about confusing the issues or misleading the jury may be addressed through limiting instructions directing the jury to focus on the purpose for which the letters are offered. Either party is free to propose such limiting instructions.

To the extent, however, that the Plaintiff seeks to offer the *responses* to the Superintendent's letters and to the extent the Defendant's motion seeks to preclude such responses, the motion is GRANTED. The responses are not probative of the Superintendent's intent—or of any other issue in the case of which the Court is aware—and also constitute inadmissible hearsay to the extent they are offered for their truth. The Plaintiff may nonetheless elicit some testimony concerning the fact that the letters did provoke negative responses from teachers and the union—in order to give context to the September 19, 2008 memo. By the same token, the Board may, of course, elicit testimony concerning what it regards as the true motivations for the letters and the September 19, 2008 memo.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:	Hartford, Connecticut
	March 16, 2015